IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DON MICHAEL ANDERSON, #1260573 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-104 |
| § | |
| NATHANIEL QUARTERMAN, Director § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division § | |

**OPINION AND ORDER**

Petitioner filed this instant Petition for Writ of Habeas Corpus challenging a disciplinary proceeding under 28 U.S.C. §§ 2241 and 2254. On December 7, 2006, Respondent filed a Motion for Summary Judgment seeking summary dismissal of Anderson's Petition. On December 8, 2006, an Order was entered by the Magistrate Judge advising Petitioner of the deadline for filing his response to Respondent's Motion for Summary Judgment. On December 28, 2006, the Order was returned to the Court marked, "Rel. - Return to Sender... Unable to Forward." Since that date, Petitioner has failed to notify the Court of his address change.

Anderson challenges disciplinary case no. 20060006290, in which he was found guilty of participating in a riot. Punishment consisted of a loss of forty-five days commissary and recreation privileges; forty-two hours of extra duty; fifteen days solitary confinement; a reduction in line class from S-2 to L-3; and, 365 days loss of good-time credit.

A temporary loss of privileges and brief confinement in solitary or cell restriction do not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections

1

afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. A loss of good-time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.* 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety

and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567.

When reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Per the requirements of *Wolff,* Petitioner received more than twenty-four hours notice of his hearing. He was informed of his rights and was given the opportunity to call and question witnesses and

present documentary evidence, and was provided with a written statement of the evidence relied upon and the reason for the disciplinary action.

Anderson contends that there was insufficient evidence to support a finding of guilt, though the evidence at the hearing reveals otherwise. A phone conversation that Anderson had at the time of the riot was recorded, and revealed statements made by Anderson that implicated him in the riot. The record indicates that the charging officer listened to the recording and used it as the basis for the charge. The record also reflects that the hearing officer used the recording as a basis for his finding of guilt. Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). Under 28 U.S.C. §2254(d), the findings made by the state court system shall be "presumed to be correct" unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Summary judgment may not,, however, be awarded by default merely because the moving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nonetheless, the District Court may accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Presuming the factual correctness of the record in the instant case, this Court is of the opinion that there is no clear error on the face of the record in these proceedings. The disciplinary proceeding afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234. The finding of guilt is supported by the evidence in the record; thus, the Court must uphold the administrative decision.

For all the foregoing reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED**, with prejudice, for failure to state a claim for which relief can be granted.

**DONE** at Galveston, Texas, this the 11th day of May, 2007.

_____
Samuel B. Kent
United States District Judge